BENJAMIN COZZENS & others *v.* DAVID SISSON & others.

A complainant cannot dismiss his bill, for an account, with costs, after a decree, upon hearing, dismissing the bill as to certain breaches of trust charged in it, and ordering an account between the parties to be taken by a master; although a portion of the case is reserved for full hearing until the coming in of the master's report.

MOTION by the complainants, to dismiss their bill, which was for an account, after a decree, entered upon hearing, dismissing the bill as to certain breaches of trust charged in it, and ordering an account between the parties to be taken by a master. The bill, beside charging the breaches of trust, contained a further charge, that certain joint property,—a cotton-mill and machinery,—out of the running of which by the respondents, on joint account, under a contract with the complainants, the matter of the account grew, had been, subsequent to the expiry of the contract, applied by the respondents exclusively to their own use; and the full hearing of this part of the case, under the respective titles of the parties, had been reserved until the coming in of the master's report.

*Cozzens,* ●●● *seipso,* cited 2 Dan. Ch. Prac. 927–929; *Curtis v. Lloyd,* 4 ●●● & C. 194; *Smith* v. *Smith,* 2 Black. 232; *Carrington* v. *Holly,* 1 Dick. 280; *Bethia* v. *McKay,* Cheves, Ch. Cas. 93; *Bossard* v. *Lester,* 2 McCord, 421; *Westmeath* v. *Westmeath,* 2 Hogan, 33; *Booth* v. *Leycester,* 1 Keen, 247.

*Bartlett,* for respondents, cited *Guilbert* v. *Hawles,* 1 Ch. Cas. 40; S. C. called *Gilbert* v. *Faules,* Freem. Ch. Cas. 158; *Carrington* v. *Holly,* 1 Dick. 281; *Curtis* v. *Lloyd,* 4 M. & C. 194; *Mother* v. *Reed,* 1 B. & B. 318, 320; *Egg* v. *Devey,* 11 Beav. 221; *Cooper* v. *Lewis,* 2 Phil. 178; *Booth* v. *Leycester,* 1 Keen, 247; *Cummings* v. *Bennett,* 8 Paige, 79; *Simpson* v. *Brewster,*

9 Ib. 245; *Bossard* v. *Lester,* 2 McCord, Ch. R. 419; *Hall* v. *McPherson,* 3 Bland. 529; *Seymore* v. *Jerome,* Walker, Ch. R. 356; 2 Dan. Ch. Prac. 356, 747, (side paging.)

Ames, C. J. This motion cannot prevail. The cases cited by the respondents show, that from early times the established practice has denied the plaintiff the right to dismiss his bill, though with costs, after a decree upon the merits, without consent, whether the decree be final or interlocutory only. The decree binds all parties to it,—is the right of all parties; and either may have the orders necessary to carry it out; and certainly no man can, of right, renounce that, in which others are interested as well as himself. In the present case, after hearing upon full proofs, the bill, which is for an account, has been ordered to be dismissed as to the breaches of trust charged, and is before a master under an order to take an account between the parties. To such a decree the reason above stated is specially applicable; for it is well settled that both parties are actors under it, and that either is entitled, according to the result, to the aid of the court to recover the balance that may be found in his favor. 1 Story, Eq. Jurisp. § 522, and cases cited; *Harwood* v. *Schmedes,* 12 Ves. 316.

It is said that the bill charges, as a conversion of trust property, the exclusive use, by the respondents, of the mill and machinery since the expiry of the contract under which the business was carried on for the joint benefit of the complainants and themselves, and claims a share of the profits since made by reason of such use; that there has been no full hearing of this claim, *that* having been reserved until the coming in of the master's report; and that, at least the plaintiffs have the right to dismiss that part of their bill, with costs, and without prejudice. We know of no rule or principle which would sanction such a practice, without consent, after a cause has been partly heard and decreed; the matter reserved having been reserved that the court might be aided therein by the master's report; and, under such circumstances, we are not disposed to allow the plaintiffs to open a new litigation concerning rights, in the adjustment of which we have proceeded so far, at their instance.

*This motion must be dismissed with costs.*